IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01065-RTG
(**The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may delay the consideration of your claims.**)

OLEKSANDR SHAPOVAL,

      Petitioner,

v.

WARDEN, Denver Contract Facility.
KRISTI NOEM, Secretary U.S. Department of Homeland Security,

      Respondents.

---

## ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES

---

Petitioner Oleksander Shapoval is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado.  Petitioner has filed *pro se* a Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order and Emergency Release and paid the required filing fee. (ECF No. 1).[1] Accordingly, this habeas corpus action was opened.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court finds one or more filings deficient as described in this order. Therefore, Petitioner is directed to cure the following deficiencies to pursue any claims in this action. Any papers that Petitioner files in response to this order must be labeled with the civil action number

---

1 "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

1

provided on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __  is missing certificate showing current balance in prison account
(5)  __  is missing required financial information
(6)  __  is missing authorization to calculate and disburse filing fee payments
(7)  __  is missing an original signature by the prisoner
(8)  __  is not on proper form (must use the court's current form Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action)
(9)  __  names in caption do not match names in caption of complaint, petition or habeas application
(10)  __  other:

**Complaint, Petition or Application**:
(11)  __  is not submitted
(12)  X  is not on proper form (must use the District of Colorado's current form § 2241 habeas application)
(13)  __  is missing an original signature by the prisoner
(14)  __  is missing page nos.
(15)  __  uses et al. instead of listing all parties in caption
(16)  __  names in caption do not match names in text
(17)  __  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18)  X  other: A motion must be filed as a separate document.  *See* D.C.COLO.LCivR 7.1(d).  The only proper respondent for a § 2241 application is the warden (or other custodian) of the facility where the prisoner is being held.

Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above within thirty (30) days from the date of this order. Any papers that Petitioner files in response to this order must include the civil action number provided at the top of this order. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the following District of Colorado form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2241. The form, along with the applicable instructions, can be found (with the assistance of a case manager or the facility's legal assistant) at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Petitioner fails to cure all designated deficiencies within thirty (30) days from the date of this order, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED March 16, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge