IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01065-RTG

OLEKSANDR SHAPOVAL,

     Applicant,

v.

WARDEN, Denver Contract Detention,

     Respondent.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Applicant Oleksandr Shapoval is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado.  He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 4). He has paid the required filing fee.  (*See* ECF No. 1).

The Court must construe the pleading liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the following reasons, Applicant will be ordered to file an amended habeas application.

### I.    The Application

Applicant asserts one claim for relief in the Application, entitled "Unlawful detention – Not subject to mandatory detention."  (ECF No. 4 at 2).  His supporting factual allegations state, in their entirety:

1

> Petitioner entered the United States lawfully under U4U humanitarian parole program. He has no criminal history. He timely sought re-parole before expiration. He is in removal proceedings, but his detention is discretionary, not mandatory.

(Id. at 2).  He states elsewhere in the Application that:

> Petitioner has pursued available administrative remedies to the extent they are applicable and available in this case. Petitioner has sought release from detention though the immigration system but remains detained. To the extent additional administrative remedies may exist, such remedies are inadequate or futile under the circumstances. Petitioner's continued detention without proper custody determination and without meaningful review constitutes an ingoing violation of constitutional rights.

(*Id.* at 3).  Under Request for Relief, Applicant states:

> Petitioner respectfully requests that this court grant the writ of habeas corpus and order his immediate release from immigration detention. In the alternative, Petitioner requests that the Court order an immediate individualized custody determination and release under appropriate conditions, including bond, parole, or supervision. Petitioner further requests any other relief the Court deems just and proper.

(*Id.* at 4).

## II.    Analysis

Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Applicant must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim.  The Habeas Rules are more demanding than the rules applicable to

2

ordinary civil actions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The detention of noncitizens within the United States is governed by 8 U.S.C. § 1226 and 8 U.S.C. § 1231. Section 1226 grants authority to detain noncitizens prior to entry of a final order of removal, while § 1231 authorizes detention during the removal period that commences after entry of a final order of removal. The removal period begins on the latest of the following dates:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Under § 1226, the Attorney General may arrest and detain a noncitizen pending a decision on whether the noncitizen is to be removed from the United States ("the pre-removal period"). During this pre-removal period, a noncitizen has the right under § 1226(a) to a hearing before an Immigration Judge to determine whether he or she should be released on bond during the removal process.

If an applicant is being detained under § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an Immigration Judge's discretionary

decision to deny bond under a decision under that statute.  *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").  The Court is further precluded from requiring multiple bond hearings.  *See Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (concluding that § 1225(b), 1226(a), and 1226(c) do not give detained immigrants the right to periodic bond hearings during the course of their detention pending a final order of removal).

Once an order of removal becomes administratively final, however, the Attorney General's authority to detain a noncitizen is governed by 8 U.S.C. § 1231, which provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," a period referred to as the "post-removal period."  8 U.S.C. § 1231(a)(1)(A).  The statute permits the Attorney General to continue detention during the post-removal period if the noncitizen is inadmissible, criminal, or a threat to society or unlikely to comply with the order of removal.  8 U.S.C. § 1231(a)(6).  The Supreme Court has interpreted § 1231 as incorporating implied limits on the amount of time a noncitizen may be detained pending removal.  *See Zadvydas v. Davis,* 533 U.S. 678, 689 (2001) (stating that § 1231 "read in light of the Constitution's demands . . . does not permit indefinite detention").  In *Zadvydas,* the Supreme Court held that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal," and such detention only can continue so long as removal is "reasonably foreseeable."  *Id.* at 689-89.  The Supreme Court set forth a post-removal detention period of six months as "presumptively reasonable."  *Id.* at 700-01.  After the six-month period has elapsed,

4

"once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

The Application is deficient because Applicant fails to provide a clear statement of the claim he is asserting. Applicant does not identify his citizenship, the date he entered the U.S., the date he was placed in custody, how long he has been in custody, whether an order of removal has issued, or what specific legal process he has or has not been provided, including any bond hearing or details concerning his allegation that he has "sought release from detention though the immigration system." Applicant must therefore file an amended habeas application that clearly pleads adequate facts supporting a cognizable federal claim.

## III.    Orders

Accordingly, it is

ORDERED that Applicant shall have thirty **(30) days** from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Applicant must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Applicant shall utilize the court-approved form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, available at www.cod.uscourts.gov. Applicant must submit a single, completed application on a court-approved form as one document that contains all claims and allegations. The Clerk of Court is **directed** to mail one copy of the form to Applicant for his use. It is

FURTHER ORDERED that if Applicant fails to file an amended habeas

application as directed within the time allowed, the action may be dismissed without further notice.

DATED April 10, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge