IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01065-CNS

OLEKSANDR SHAPOVAL,

     Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY, et al.,

     Respondents.

---

**ORDER**

---

Before the Court is Petitioner's amended habeas petition, ECF No. 10, Respondents' response to it, ECF No. 17, and Petitioner's reply, ECF No. 19. For the following reasons, the Court GRANTS Petitioner's amended petition. In doing so, the Court presumes familiarity with this case's factual and procedural background. But to briefly summarize: Petitioner, a Ukrainian citizen, was granted parole into the United States in January 2024. *See, e.g.,* ECF No. 17 at 2. In January 2026, he was arrested in Wyoming during a traffic stop. *See id.* at 3. Following this, Petitioner was detained pending immigration removal proceedings, and the instant habeas proceeding soon followed. *See generally* ECF No. 1.

1

## I.    DISCUSSION

Petitioner seeks immediate release, or alternatively a bond hearing. *See, e.g.,* ECF No. 19 at 8. Respondents resist, advancing two primary arguments: that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1), *see* ECF No. 17 at 7, and that even if he is not subject to § 1225(b)(1) detention, "he is subject to mandatory detention under § 1225(b)(2)," *id.* at 9. Explained further below, neither argument persuades.

*First*, regarding Petitioner's detention under § 1225(b)(1), Respondents argue specifically that Petitioner is "plainly an 'alien arriving in the United States'" as a statutory matter, and thus subject to mandatory detention. ECF No. 17 at 7. According to Respondents, "[t]hat Petitioner was afforded temporary parole does not change this status." *Id.* at 8. Indeed, Respondents argue that after Petitioner's parole terminated, *see* ECF No. 17-1 at 4, he returned to his status as an "arriving alien" or "applicant for admission" subject to mandatory detention under § 1225(b)(1), ECF No. 17 at 8.

However, the Court has previously rejected a virtually identical argument. *See, e.g., Africano Pulido v. Baltazar, et al.*, No. 1:26–cv–01818–CNS, 2026 WL 1425034, at *1–2 (D. Colo. May 21, 2026) ("[Petitioner] cannot be 'arriving' in the United States after she was released on parole into the interior of the country. Therefore, upon her parole into the interior of the country, [she] had arrived in the United States and was no longer a noncitizen arriving in the United States." (citation modified)); *see also id.* at *1 ("So mere termination of Petitioner's parole does not result in her mandatory detention." (citation modified)). Petitioner observes that this case is set against a substantially similar factual

2

background as *Africano Pulido* and the cases upon which it relied, *see* ECF No. 19 at 4, bolstering the Court's conclusion that *Africano Pulido*'s reasoning applies with full force. Therefore, Respondents err in arguing that mandatory detention under § 1225(b)(1) is proper. *See, e.g., Qasemi v. Francis*, No. 25–cv–10029 (LJL), 2025 WL 3654098, at *6 (S.D.N.Y. Dec. 17, 2025).

*Second*, regarding Respondents' § 1225(b)(2) argument, the Court rejects it for the same reason it rejected that argument in *Africano Pulido. See* 2026 WL 1425034, at *2. While Respondents are correct that three conditions must be met for § 1225(b)(2)'s mandatory detention provision to apply, *see* ECF No. 17 at 10, those conditions are not met here. Fundamentally, Respondents are wrong to argue that Petitioner is "seeking admission" and thus that he falls under § 1225(b)(2). *Id. See also id.* at 12 ("In short, the particular facts of this case establish that Petitioner is an applicant for admission who is seeking admission to the United States and is subject to mandatory detention under § 1225(b)."). As explained in *Africano Pulido*, simply because Petitioner's parole was terminated and Petitioner has filed an asylum application, *see, e.g.,* ECF No. 17-1 at 4, does not mean he meets the requirements for mandatory detention under § 1225(b)(2). *See* 2026 WL 1425034, at *2 (collecting cases and concluding that "simply because Petitioner has filed an asylum application and had her parole revoked does not bring Petitioner under § 1225(b)(2)'s ambit"). Accordingly, the Court agrees with Petitioner that his detention under § 1225(b)(2) is improper. *See, e.g.,* ECF No. 19 at 2.[1]

---

[1] The Court notes that, as in *Africano Pulido*, nothing in 8 U.S.C. § 1182(d)(5)(A), *see* ECF No. 17 at 8, disturbs the Court's conclusion that Petitioner is not subject to § 1225(b)'s mandatory detention provisions. *See Africano Pulido*, 2026 WL 1425034, at *2 ("[T]he 'returned to the custody' language of § 1182(d)(5)(A) does not affirmatively authorize detention." (citation modified)).

* * *

Having determined that no provision of § 1225 applies, the Court must determine the proper habeas remedy. On this point the parties disagree. *Compare* ECF No. 17 at 14, *with* ECF No. 19 at 8. But having reviewed the parties' briefs, and as explained in *Africano Pulido*, the Court agrees with Petitioner that immediate release is the appropriate remedy. *See* 2026 WL 1425034, at *2. Moreover, as in that case, Respondents do not persuade the Court that Petitioner presents a flight risk or danger to the community. Indeed, they make no argument as to either point.

## II.    CONCLUSION

Consistent with the above analysis, Petitioner's amended habeas petition, ECF No. 10, is GRANTED. Accordingly, Petitioner's motion for a temporary restraining order, ECF No. 5, is DENIED AS MOOT.

It is FURTHER ORDERED that Respondents shall release Petitioner from custody immediately, but no later than within 48 hours of this Order, and may not impose any additional conditions of release or supervision beyond those he was subject to immediately prior to his recent detention. Respondents SHALL FILE a status report within THREE DAYS of this Order to certify compliance. Respondents are further ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED this 5th day of June 20.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge